# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00378-CV

**Lisa M. Nease, Appellant**

**v.**

**Steven R. Faske and Joetta Faske, Appellees**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. G-109, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the county court's order appointing the guardian of the person and estate of Logan Ray Faske. We hold that jurisdiction and venue were proper in the county court and that appellant has not demonstrated reversible error in the procedure followed in the trial court. We affirm.

Logan suffers from cerebral palsy and epilepsy. On November 21, 2006, when Logan was less than three months away from his eighteenth birthday, appellees Steven R. Faske (Logan's father) and Joetta Faske (Steven's wife) filed an application in Bastrop County to have themselves appointed as Logan's permanent guardians. On December 1, 2006, appellant Lisa M. Nease (Logan's mother) filed an application in Washington County to have herself appointed as Logan's guardian. Nease also filed a plea to the jurisdiction and motion to transfer venue in the Bastrop County action seeking to forestall that suit in favor of her Washington County action. The

Bastrop County court denied Nease's plea to the jurisdiction and motion to transfer venue, and in April 2008 a jury trial was held in the Bastrop County court for the appointment of Logan's permanent guardian as an adult. On May 30, 2008, the county court appointed Steven as his son Logan's permanent guardian.

Nease contends that the Bastrop County court did not have subject-matter jurisdiction to enter its order. However, the County Court at Law of Bastrop County plainly has jurisdiction over guardianship proceedings. *See* Tex. Prob. Code Ann. § 606(c) (West Supp. 2009). Appellees' live pleadings at the time of trial sought guardianship of Logan as an incapacitated adult.[1] *See id.* § 677(a) (West 2003). While the Lee County district court may have retained exclusive jurisdiction over Logan while he was a minor based on its 1995 order in a "suit affecting the parent-child relationship" involving Logan, *see* Tex. Fam. Code Ann. § 155.002 (West 2008), the Bastrop County court properly exercised jurisdiction over Logan as an incapacitated adult, *see* Tex. Prob. Code Ann. § 606(k).

Nease also contends that the Bastrop County court erred in denying her motion to transfer venue to the Washington County court, at which she had filed a competing application for appointment of guardian. Section 610(a) of the probate code provides that a proceeding for the appointment of a guardian for the person and estate of an incapacitated person shall be brought in "the county in which the proposed ward resides or is located on the date the application is filed." *Id.* § 610(a) (West 2003). There is no dispute that Logan's residence has been in Bastrop County

---

[1] Nease presents arguments against the Bastrop County court having jurisdiction based on appellees' pleadings filed prior to their live pleadings at the time of trial. However, appellees' prior pleadings were superseded by their subsequent pleadings. *See* Tex. R. Civ. P. 65.

since 1998 and has never been in Washington County. Nease argues, however, that because Logan was physically present in Washington County when she filed her application for guardianship, he was "located" in Washington County and, therefore, the Bastrop County and Washington County courts have concurrent venue.

Even if Nease's statutory construction of the term "located" in probate code section 610(a) is correct, venue was proper in Bastrop County. "If two or more courts have concurrent venue of a guardianship matter, the court in which an application for a guardianship proceeding is initially filed has and retains jurisdiction of the guardianship matter." *Id.* § 611(a) (West 2003). A proceeding is considered commenced by "the filing of an application alleging facts sufficient to confer venue." *See id.* Appellees' original application alleged that Logan's "current residence" is in Bastrop County. *See id.* § 610(a) (venue proper in county where proposed ward "resides or is located" on date application filed). Thus, appellees' original application commenced guardianship proceedings in Bastrop County. This application was filed on November 21, 2006, which pre-dates Nease's filing of her application in Washington County on December 1, 2006. Therefore, venue was proper in the Bastrop County court. *See id.* § 611(a). We affirm the county court's denial of Nease's motion to transfer venue.

Nease also argues that the Bastrop County court erred by allowing appellees' counsel to instruct the jury on the definitions of statutory terms contained in the jury charge during closing arguments. *See* Tex. R. Civ. P. 277 ("The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict."). Even if appellees' jury

instructions were improper,[2] we do not consider such error to be cause for reversal. To be reversible error, the improper jury argument must have a probable effect on a material finding, based on an evaluation of the whole case. *See Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839-40 (Tex. 1979). While there was evidence at trial that Nease and her son Caleb would provide a sufficient amount of care for Logan, there was also evidence that appellees had provided a sufficient amount of care since 1995 when Logan began residing with his father Steven,[3] and that the school facilities and resources in Bastrop County were superior to those available in the event Nease obtained guardianship.[4] Logan's psychotherapist, speech pathologist, physical therapist, pediatric neurologist, teacher, and caregiver, as well as appellees Steven and Joetta Faske, all testified in favor of Logan remaining with appellees. We hold that appellees' counsel's providing definitions from the dictionary and the probate code, if error, was not reversible error.

---

[2] Nease provides no authority for this proposition and, moreover, does not identify the improperly defined terms.

[3] Steven and Joetta married in 1996.

[4] Based on the disparity in school facilities and resources alone, Logan's attorney ad litem testified that he believed Steven Faske should be granted guardianship.

4

We affirm the judgment of the county court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   January 8, 2010